# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALFONZO LEE WOMACK,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | Case No. 2:24-cv-00044-RFB-EJY<br><br>**ORDER** |

Petitioner Alfonzo Lee Womack has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging how his sentence in his criminal case is being carried out, calculated, or credited by prison or parole authorities. ECF No. 1. Specifically, Womack is disputing the calculation of his credit for time served in his criminal case,[1] explaining that he was never given credit for December 20, 2020, to November 30, 2022. See id. at 8. This Court dismisses the petition because it has been improperly commenced and is plagued with procedural defects.

First, Womack has not properly commenced this action by filing an *in forma pauperis* ("IFP") application and or paying his filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. This Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an

---

[1] In his criminal case, case number 2:20-cr-00338-ART-VCF-1, Womack was sentenced to two concurrent terms of 57 months. It appears that Womack has filed a motion to vacate, set aside, or correct that sentence under 28 U.S.C. § 2255 in case number 2:20-cr-00338-ART-VCF-1, arguing, as he is here, about the error in his credit for time served.

inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Second, this Court appears to lack jurisdiction over this case. Federal district courts may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 provides, in relevant part, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The United States Supreme Court has explained that the phrase "within their respective jurisdictions" in § 2241 "require[s] the presence of the prisoner within the territorial jurisdiction of the District Court as a prerequisite to his filing of application for habeas corpus." United States v. Hayman, 342 U.S. 205, 220 (1952). The Ninth Circuit has further explained that when a petitioner and his custodian are "within the territorial jurisdiction of the district court at the time the petition for writ of habeas corpus [is] filed, the district court [has] jurisdiction to determine the merits of the litigation." Smith v. Campbell, 450 F.2d 829, 834 (9th Cir. 1971). In his petition, Womack states that he is currently confined at USP Victorville in California.[2] ECF No. 1 at 1. As such, neither Womack nor his custodian were within the territorial jurisdiction of the District of Nevada on the date the petition was filed.

Third, the petition does not name the proper respondent. A habeas petition must be directed at the person having custody over the prisoner, and the immediate custodian is generally the warden of the facility where the petitioner is confined. See Brittingham v. United States, 982 F.2d

---

[2] Notably, USP Victorville appears to be within the jurisdiction of the judicial district for Central California, rather than the District of Nevada.

378, 379 (9th Cir. 1992). Instead of naming the warden of USP Victorville as a respondent in this action, Womack incorrectly names the United States of America.

Fourth, "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Laing v. Ashcroft, 370 F.3d 994, 997–98 (9th Cir. 2004). "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). Thus, questions concerning the execution of a sentence should be presented to the Bureau of Prisons in the first instance, and only after exhausting his administrative remedies may a petitioner seek review of the Bureau of Prison's decision under § 2241. See id. Womack admits that he has not exhausted his administrative remedies, explaining that he has not appealed any decision "[b]ecause [he] thought that they gave [him] credit from 12-20-2020 until 11-30-2022 but they didn't mention it." (ECF No. 1 at 3.) Even though it is possible that the exhaustion requirement could be found to be futile and excused, this Court does not decide that issue due to the other defects identified in this order.

**IT IS THEREFORE ORDERED** that Petitioner Alfonzo Lee Womack's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DISMISSED without prejudice. Womack is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons delineated in this order to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court (1) enter final judgment dismissing this action and (2) close this case.

**Dated:** January 8, 2024.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE